CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 2 8 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERMAINE L. CHASE, | Case No. 7:03CV00811 |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | By: Jackson L. Kiser |
| Respondent. | Senior United States District Judge |

Before me is the Report and Recommendation ("Report") of the United States Magistrate Judge recommending that Petitioner Jermaine L. Chase's ("Petitioner") writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel be dismissed. Petitioner has filed objections to the Report while the Respondent United States of America ("Respondent") has not. I reviewed the Magistrate Judge's Report, Petitioner's objections, and relevant portions of the Record. The matter is now ripe for decision. For the reasons stated below, I will **ADOPT** the Magistrate Judge's Report and will **OVERRULE** Petitioner's objections. Accordingly, Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2255 will be **DISMISSED**.

### III. STATEMENT OF FACTS

The underlying chain of events that has led to Petitioner's § 2255 motion need only be

1

briefly summarized. On August 17, 1994, a grand jury indicted Petitioner on four counts relating to a drug conspiracy in which he was implicated. On September 22, 1994, the grand jury issued a superceding indictment in which Petitioner was named in two other counts. On December 9, 2004, a jury found Petitioner guilty on all counts in the indictment and he was ultimately sentenced to 360 months in prison. The Fourth Circuit affirmed this sentence. *See, U.S. v. Chase*, 296 F.3d 247 (4th Cir. 2002). Petitioner then filed this § 2255 motion on December 17, 2003. On December 30, 2004, this Court dismissed two of the three claims raised by Petitioner and referred the third, which was the ineffective assistance of counsel claim, to the Magistrate Judge for an evidentiary hearing as authorized by 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge conducted the hearing on November 18, 2005 and issued his Report on April 11, 2006. Petitioner timely filed his objections to the Magistrate Judge's Report on April 21, 2006. In accordance with 28 § 636(b)(1), I will "make a de novo determination of those portions of the report...to which objection is made."

## II. DISCUSSION

Petitioner has objected to the Magistrate Judge's findings as to his procedural history, substantive history, and the Magistrate Judge's interpretation of legal authority. For the reasons that follow, I find none of Petitioner's objections persuasive.

### A. *Petitioner's Objections to Procedural History*

Petitioner objects to the Magistrate Judge's conclusion that he was arraigned in October, 1994, in such a way as to put him on notice of the minimum sentence that he faced for each count in his indictment. Petitioner states that he was only made aware of the minimum sentence for

2

one of the counts in the indictment. The Record belies this assertion. While it is true that United States Attorney Fitzgerald ("Fitzgerald") did not mention a minimum sentence as to Count Three of the indictment, he did state the mandatory sentences for Counts Four, Five, and Sixty-Nine. (Oct. Arr., 10-12). In addition, Fitzgerald noted that Count Sixty-Eight did not have a minimum sentence. (*Id.*, at 12). Petitioner also objects to the Magistrate Judge's failure to note that he was arraigned collectively with four other defendants. This objection is irrelevant because it is undisputed that Petitioner was made aware of the charges against him individually. (*Id.*, 10-13). Therefore, Petitioner's objections as to the procedural history in the Magistrate Judge's Report are **OVERRULED**.

### B.  *Petitioner's Objections to Substantive History*

Petitioner argues that his lawyer never questioned him on a count-by-count basis as the Magistrate Judge found. This argument is completely discredited by Petitioner's statement at the November 18, 2005 evidentiary hearing that when he first met with his lawyer, the lawyer "questioned [Petitioner] about each of the counts that [Petitioner] was charged with." (Hr'g Tr., 81). Petitioner's next objection is that he "adamantly" claims that he was never advised by his lawyer about the seriousness of the charges and the possible sentences he could face if he were found guilty. This is simply an argument that goes to witness credibility and Petitioner's argument is substantially undermined by the clear fact that he was twice arraigned in open court where he was told of the seriousness of the charges against him and the possible sentences that he could face if convicted on any or all of the charges. Thus, whether or not Petitioner's lawyer informed him of these facts, Petitioner himself already knew them. Petitioner's four remaining

3

objections to the Magistrate Judge's Report dealing with the substantive history of his case are all misplaced. These objections all deal with the section of the Report where the Magistrate Judge recounts the evidence as described by Petitioner's lawyer and then provides a summary of each party's claims. These objections do not deal with findings of fact, conclusions of law, or even how Petitioner describes his own side of the case. Therefore, they are irrelevant.

C. *Petitioner's Objections to Legal Authority*

In his last section of argument, Petitioner states that his lawyer's representation was ineffective as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* sets forth a two-prong test that Petitioner must meet. The first prong requires proof that the lawyer's representation was objectively unreasonable. *Id.*, at 688. There is a strong presumption, however, that the lawyer will have acted reasonably. *Id.*, at 688-89. The second prong requires proof of prejudice to Petitioner's defense. To satisfy this prong, Petitioner must show that, but for his lawyer's errors, there is a reasonable probability that the outcome of his case would have been different. *Id.*, at 694.

In support of his objections, Petitioner argues that the mere fact that he was successful on one of his appeals is proof that he was prejudiced by his lawyer at trial. Petitioner cite no law in support of this argument, and indeed, if Petitioner's argument were credited, then every defendant who successfully appealed his conviction or sentence would also have an ineffective assistance of counsel claim against their original lawyers. This is simply not the intent of *Strickland*. (*See, Id.*, at 690, noting that "criminal trials resolved unfavorably to the defendant would increasingly come to be followed by a second trial, this one of counsel's unsuccessful

4

defense").

Second, Petitioner conclusorily asserts that his lawyer did not spend adequate time in preparing his case for trial. The Record reflects that Petitioner's lawyer spent at least 13 hours over a two-month time-span preparing for the case. While this is not an overabundance of preparation by Petitioner's lawyer, it is also clearly not objectively unreasonable. Petitioner also fails to point to any evidence from his trial that would substantiate his assertion that his lawyer was not prepared. I therefore find, as the Magistrate Judge did, that Petitioner's lawyer spent adequate time preparing for his case.

Third, and last, Petitioner argues that his lawyer never attempted to work out a plea agreement with the government. Such a plea, states Petitioner, would have favorably changed the outcome in his case because the plea agreement would have likely been for a lesser sentence than the 360 months that Petitioner was ultimately sentenced to after being found guilty. After assessing the evidence and testimony in the Record, I am in agreement with the Magistrate Judge's interpretation of this issue. There is substantial evidence in the Record from which to conclude that Petitioner's lawyer did not seek a plea agreement from the government because Petitioner consistently maintained his innocence as to four of the six charges against him, most notably the conspiracy charge. As the Magistrate Judge correctly opines, "there is no reasonable probability that the result at trial would have been different had petitioner pled guilty to the cocaine charge and felon in possession charge...He would have face the same evidence and the same jury on the four remaining charges, resulting in a substantial sentence." (Report, 16-17).

For all of these reasons, Petitioner's objections to the Magistrate Judge's Report fail to establish that his lawyer's conduct was objectively unreasonable and that he was prejudiced as a

5

result. Therefore, Petitioner's § 2255 motion will be **DISMISSED**.

## IV.    CONCLUSION

For the reasons stated above, I will **ADOPT** the Magistrate Judge's Report and will **REJECT** Petitioner's objections. As a result, Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2255 will be **DISMISSED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to Magistrate Judge Urbanski and to all counsel of record. The clerk is further directed to strike this matter and all outstanding motions from the Court's docket.

ENTERED this 28th day of April, 2006.

s/Jackson L. Kiser<br>
Senior United States District Judge